UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   (In Chambers:) DEFENDANT'S MOTION TO BIFURCATE TRIAL (dkt. 69, filed December 13, 2013).

PLAINTIFF'S MOTION TO EXTEND TRIAL DATE AND ALL OTHER ASSOCIATED DATES (dkt. 76, filed December 19, 2013)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 27, 2014, is vacated, and the matter is hereby taken under submission.

**I.   DEFENDANT'S MOTION TO BIFURCATE TRIAL**

This case arises out of an incident that allegedly took place during plaintiff's incarceration in the County of Los Angeles' Men's Central Jail. First Amended Complaint ("FAC") ¶ 12. Plaintiff alleges that on December 2, 2013, two officers began beating him without provocation. Id. As a result of this beating, plaintiff claims that he suffered serious injuries to his head, torso, and abdomen, which required hospitalization and surgery. Id. ¶ 13. Plaintiff does not assert any claims against the two officers who allegedly beat him, neither of whom are defendants in this action. Instead, plaintiff asserts four claims against defendant County of Los Angeles ("the County"): (1) deprivation of civil rights in violation of 42 U.S.C. §§ 1983, 1988; (2) common law battery; (3) violation of the Ralph Civil Rights Act, Cal. Civ. Code §§ 51.7, 52; and (4) violation of the Bane Civil Rights Act, Cal. Civ. Code §§ 52, 52.1. Plaintiff's claim under 42 U.S.C. §§ 1983 alleges that the County is liable for the alleged beating pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

On December 12, 2013, the County moved to bifurcate the trial into a liability phase and a Monell phase. The County proposes that, during the liability phase, the finder-of-fact determine whether the alleged beating in fact took place. If the finder-of-fact so concludes, the trial would proceed to a second phase, in which the finder of fact would determine whether the County has a practice or procedure giving rise to liability under Monell, and if so, what the measure of damages should be. The County contends that bifurcation will both serve judicial economy and avoid the risk of prejudice inherent in the finder-of-fact hearing Monell evidence of prior police misconduct before deciding whether this particular incident took place at all. On January 6, 2014, plaintiff filed his opposition to the County's motion to bifurcate, and the County filed its reply on January 13, 2014.

After considering the parties' arguments, the Court concludes that bifurcation is appropriate in this case. Courts routinely bifurcate trials when plaintiffs assert municipal liability under Monell. As the Ninth Circuit explained in Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996), "bifurcation enable[s] the [C]ourt to separate the questions regarding the constitutionality of the . . . officers' actions from the questions regarding the [county's] liability under Monell." Moreover, should the finder-of-fact determine that the beating did not in fact take place, then there can be no liability under Monell. See City of Los Angeles v. Heller, 475 U.S. 796, 79 (1986). In this eventuality, the trial can end immediately, saving both the parties and this Court the time and expense of presenting and hearing irrelevant Monell evidence.

Plaintiff's arguments against bifurcation are unpersuasive. First, plaintiff argues that bifurcation will extend the trial, and thus make it more costly for plaintiff to try. As explained above, however, bifurcation would not necessarily lengthen the trial in the event the finder-of-fact determines the alleged beating did not take place. Furthermore, even if bifurcation does end up lengthening that trial, bifurcation is still warranted in light of the potential for unfair prejudice. Second, plaintiff argues that bifurcation does not address plaintiff's claim of inadequate medical attention after the alleged beating. The Court has reviewed plaintiff's FAC and is unable to discern a claim for inadequate medical attention; nor does plaintiff cite to any such claim in his FAC.

Third, plaintiff argues that the County has not met its burden of showing that bifurcation is necessary to avoid potential prejudice. In particular, plaintiff argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

the County has not identified specific prejudicial evidence that warrants bifurcation. But plaintiff's FAC makes it abundantly clear that plaintiff's evidence of Monell liability will involve presenting prior excessive force incidents unrelated to the alleged December 2, 2014 beating of plaintiff.  See, e.g., FAC ¶¶ 27-28.  Lastly, plaintiff suggests that evidence of individual officers' prior use of excessive force is not prejudicial because those individual officers are not defendants in this action.  This argument is squarely foreclosed by Quintanilla, 84 F.3d at 356 ("Plaintiff was not entitled to circumvent the bifurcation and evidentiary rulings by voluntarily dismissing the three individual officers and proceeding to demonstrate the existence of a policy using evidence of attacks more severe than his own.").[1]

In accordance with the foregoing, the Court concludes that bifurcation is appropriate and hereby GRANTS the County's motion.

**II. MOTION TO EXTEND TRIAL DATE**

On December 19, 2013, plaintiff filed a motion for an order to extend the trial date and all other associated dates.[2]  Plaintiff contends that the County has vigorously resisted his efforts to obtain discovery, and that consequently he requires additional time to conduct discovery and prepare for trial in this case.[3]  The County filed its opposition on

---

[1] Plaintiff also argues that, even if the trial is bifurcated, certain evidence regarding the past use of excessive force by the officers who allegedly beat him will be admissible during the first phase to show that the beating in fact took place.  Because this evidence is not properly before the Court at this time, the Court declines to consider these arguments.

[2] The County contends that this motion is untimely, as it was filed after the motion cut-off.  However, prior to the motion cut-off, plaintiff filed an ex parte application to continue the trial.  Dkt. 67. The Court denied this ex parte application, and directed plaintiff to file a properly noticed motion.  Dkt. 71.  Accordingly, the Court declines to reject plaintiff's motion as untimely.

[3] The plaintiff also asks that this Court permit plaintiff to propound additional interrogatories above the limit provide by Fed. R. Civ. P. 33.  Because this issue is more properly considered by the Magistrate Judge, the Court DENIES plaintiff's request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | January 16, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

January 6, 2014, in which it argues that plaintiff is in fact the party that has delayed discovery.  Plaintiff replied on January 13, 2014.

After considering the parties' arguments, the Court concludes that there is good cause to modify the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).  In particular, a review of the docket in this case reveals several motions to compel still outstanding before the magistrate judge, dkts. 45, 61.  Moreover, the County has not identified any specific prejudice that would result from continuing the trial in this case.  Accordingly, the Court hereby amends the scheduling order, dkt. 14, as follows:

- Discovery Cut-off: **March 17, 2014**;

- Pretrial Conference/Hearing on Motions in Limine (11:00 A.M.): **June 9, 2014**; and

- Jury Trial (9:30 A.M.): **July 8, 2014**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

without prejudice.