UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|

| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Miranda Algorn | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ryan Kashfian<br>Robert Kashfian | J. Edwin Rathbun, Jr. |

**Proceedings:**   TELEPHONIC STATUS CONFERENCE

**(In Chambers:)** PLAINTIFF'S RENEWED APPLICATION TO MODIFY THE SCHEDULING ORDER (Dkt. #220, filed June 18, 2014)

This case arises out of an incident that allegedly took place on December 2, 2010, during plaintiff Mark Green's incarceration in the County of Los Angeles' Men's Central Jail.  The operative first amended complaint ("FAC") asserts four claims against defendant County of Los Angeles ("the County"): (1) deprivation of civil rights in violation of 42 U.S.C. §§ 1983, 1988; (2) common law battery; (3) violation of the Ralph Civil Rights Act, Cal. Civ. Code §§ 51.7, 52; and (4) violation of the Bane Civil Rights Act, Cal. Civ. Code §§ 52, 52.1.  Plaintiff's claim under 42 U.S.C. § 1983 alleges that the County is liable for the alleged beating pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).  See also City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).  On January 16, 2014, the Court bifurcated the trial in this action into a liability phase and a Monell phase.  Dkt. # 96.

## I.   PRETRIAL AND TRIAL DATES

On June 18, 2014, plaintiff filed a renewed ex parte application to modify several pretrial dates and to continue the trial date.  Dkt. #220.  The Court held a telephonic hearing on that same date, and heard argument from both parties as to an appropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

schedule.[1]  For the reasons stated on the record at the hearing, plaintiff's ex parte application is GRANTED IN PART and DENIED IN PART.  The pretrial and trial dates are hereby modified as follows:

- The last day to file or amend motions in limine shall be **June 30, 2014**.  Any new motions in limine are not to exceed five pages.

- Oppositions to motions in limine, not to exceed five pages, shall be filed no later than **July 7, 2014**.

- The pretrial conference and hearing on motions in limine shall occur on **July 18, 2014**, at 11:00 AM.

- The trial in this matter shall commence on **July 29, 2014**, at 9:30 AM.

**II.   MOTIONS IN LIMINE**

Below, the Court sets forth its tentative conclusions regarding the parties' motions in limine, including the Court's conclusions as to whether opposition briefs are necessary.  If a party strongly disagrees with any of the Court's tentative conclusions, that party shall notify the Court in writing no later than **June 24, 2014**, in a single brief not to exceed three pages.

### A.   Plaintiff's Motions

### Motion in Limine No. 1, dkt. #124

Plaintiff seeks to exclude evidence related to the arrest which led to his incarceration in the Men's Central Jail.  The Court finds that this motion should be GRANTED IN PART and DENIED IN PART.  Specifically, the Court excludes evidence

---

[1] At the hearing, plaintiff's counsel inquired about the status of a pending writ of habeas corpus ad testificandum.  See dkt. #207.  Defense counsel stated that he does not oppose the granting of the writ.  Accordingly, upon delivery to chambers of a proposed order conforming to the schedule set herein, the Court will grant the writ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

related to the conduct that led to plaintiff's arrest, as that evidence is irrelevant to the issues to be tried in this case. However, the Court declines to exclude the fact of the arrest itself, as that evidence is properly admitted as background to contextualize plaintiff's incarceration in the Men's Central Jail.

### Motion in Limine No. 2, dkt. #125

Plaintiff seeks to exclude evidence related to his history of drug use. The Court finds that this motion should be GRANTED. Whether or not plaintiff has used drugs in the past is irrelevant to the issues to be tried in this case, as well as potentially unfairly prejudicial.

### Motion in Limine No. 3, dkt. #126

Plaintiff seeks to exclude duplicative expert testimony. Plaintiff states that defendant intends to proffer testimony from multiple medical experts, and requests that defendant's be restricted to a single medical expert, Dr. Keith Klein. The Court finds that resolving this motion requires an opposition explaining the proposed testimony of the allegedly duplicative experts, but in the event the expert testimony is cumulative, the Court will exclude that testimony.

### Motion in Limine No. 4, dkt. #127

Plaintiff seeks to exclude testimony relating to the termination of plaintiff's employment subsequent to the incident at issue in this case. The Court finds that resolving this motion requires an opposition explaining the asserted relevance of testimony concerning the plaintiff's subsequent employment history.

### Motion in Limine No. 5, dkt. #128

Plaintiff seeks evidentiary sanctions for alleged spoliation of evidence. Plaintiff asserts that defendant destroyed several videos that had been filmed as part of investigations into prior uses of force by the same deputies who allegedly beat plaintiff. Plaintiff requests a variety of sanctions for this alleged spoliation. The Court finds that resolving this motion requires an opposition from defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

### Motion in Limine No. 6, dkt. #132

Plaintiff seeks evidentiary sanctions for alleged spoliation of evidence. Plaintiff asserts that defendant has failed to produce portions of the case file assembled during the investigation of a prior use of force by one of the deputies who allegedly beat plaintiff. Plaintiff requests a variety of sanctions for this alleged spoliation. The Court finds that resolving this motion requires an opposition from defendant.

### Motion in Limine Nos. 7-13, dkt. #'s 136, 140, 144, 148, 152, 156, 180

Plaintiff intends to introduce evidence related to several incidents in which the deputies who allegedly beat him were alleged to have beaten other inmates at the Men's Central Jail. Plaintiff seeks an order permitting him to introduce this evidence in the liability phase at trial. The Court finds that these motions should be DENIED. These alleged incidents, although they may be admissible during the Monell phase, are not relevant to the question to be determined during the liability phase, namely, whether the plaintiff's constitutional rights were in fact violated.[2]

**B.    Defendant's Motions**

### Motion in Limine No. 1, dkt. #115

Defendant seeks to preclude any questioning about, reference to, or evidence relating to the report of the Citizens' Commission on Jail Violence (the "Report"), which was commissioned by Los Angeles County. The Court finds that this motion should be GRANTED as to the liability phase of the trial because the statements contained therein are not relevant to the question of whether plaintiff suffered a violation of his

---

[2] Plaintiff relies heavily on Henderson v. City & Cnty. of San Francisco, 2007 WL 2938164 (N.D. Cal. Oct. 9, 2007), for the proposition that evidence of other incidents of excessive force can be probative of whether a specific incident took place. The Court finds Henderson inapposite, as the issue in that case was "whether [the individual defendant] was an integral participant in the incident or merely present." Id. at *2. Here, defendant's theory of the case appears to be that the incident did not occur at all.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

constitutional rights on December 2, 2010. Additionally, to the extent that plaintiff seeks to introduce portions of the Report during the Monell phase, plaintiff must designate what portions it seeks to admit, and provide them to defense counsel and the Court no later than **June 30, 2014**. The Court accordingly RESERVES judgment on the admissibility of the Report in the Monell phase.

### Motion in Limine No. 2, dkt. #116

Defendant seeks to preclude any reference to terms such as "culture of violence," "code of silence," "3000 Boys," "7000 Boys," "deputy gangs," or "deputy cliques." The Court finds that this motion should be GRANTED as to the liability phase of the trial because it is irrelevant and unfairly prejudicial. The Court finds that resolving this motion as to the Monell phase requires an opposition from plaintiff, but notes that at minimum, the Court will likely exclude references to a "culture of violence" and a "code of silence."

### Motion in Limine No. 3, dkt. #117

Defendant seeks to preclude Doctor Michael Blumenkrantz, one of plaintiff's designated experts, from testifying. The Court finds that resolving this motion requires an opposition from plaintiff.

### Motion in Limine No. 4, dkt. #118

Defendant seeks to exclude any evidence of or reference to changes or revisions to the Department's policies, as well as any evidence of or reference to any training or investigations conducted by the Department, that occurred after December 2, 2010. The Court finds that this motion should be GRANTED as to the liability phase of the trial because it constitutes evidence of subsequent remedial measures. The Court also finds that resolving this motion as to the Monell phase requires an opposition from plaintiff.

### Motion in Limine No. 5, dkt. #119

Defendant seeks to exclude any evidence or questioning regarding post-December 2, 2010 uses of force by Deputies Johnson or Saldana. The Court finds that this motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**           'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

should be GRANTED as to the liability phase of the trial because it is irrelevant, unfairly prejudicial, and constitutes inadmissible propensity evidence. The Court also finds that resolving this motion as to the Monell phase requires an opposition from plaintiff.

### Motion in Limine No. 6, dkt. #120

Defendant seeks to exclude any reference to or evidence of any "force incidents" in which Deputies Johnson or Saldana, or any other current or former employee of the Department, was involved. Additionally, defendant seeks to exclude any evidence of any lawsuits, tort claims, complaints, or internal or external investigations regarding any present or former employees of the Department or Los Angeles County, including Deputies Johnson and Saldana. Defendant also seeks to exclude any information contained in the personnel files of Johnson or Saldana. Finally, defendant seeks to exclude evidence of any incident involving plaintiff and any Department personnel that is not related to the alleged events of December 2, 2010. The Court finds that this motion should be GRANTED as to the liability phase of the trial because, to the extent such evidence is relevant, it is unfairly prejudicial and constitutes inadmissible propensity evidence. The motion is DENIED as to the Monell phase, without prejudice to being renewed at trial with reference to specific items of evidence. No opposition brief need be filed by plaintiff as to either phase of the trial.

### Motion in Limine No. 7, dkt. #121

Defendant seeks to exclude any evidence of, or reference to, claimed negligent medical care or treatment received by plaintiff while plaintiff was in custody. The Court finds that this motion should be GRANTED as to the liability phase of the trial because such evidence is irrelevant. The Court also finds that resolving this motion as to the Monell phase requires an opposition from plaintiff.

### Motion in Limine No. 8, dkt. #122

Defendant seeks to preclude both parties from presenting expert testimony during the liability phase of the trial. The Court finds that this motion should be DENIED as to plaintiff's expert on police practices, because expert testimony as to police practices may be relevant to the question of whether plaintiff suffered a violation of his constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

AMENDED CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

rights on December 2, 2010. The Court also finds that an opposition brief should be filed by plaintiff as to the admissibility of other expert testimony during the liability phase of the trial.

### Motion in Limine No. 9, dkt. #123

Defendant seeks to exclude any evidence of or reference to any alleged failure of any nurse or member of the Department's medical staff to notify a supervisor of the incident involving plaintiff that allegedly occurred on December 2, 2010. The Court finds that this motion should be GRANTED as to the liability phase of the trial because it is irrelevant. The Court also finds that resolving this motion as to the Monell phase requires an opposition from plaintiff.

### Motion in Limine No. 11, dkt. #213[3]

Defendant seeks to exclude any evidence of or reference to any judgments or settlements involving the County of Los Angeles. The Court finds that this motion should be GRANTED as to the liability phase of the trial because it is either irrelevant and unfairly prejudicial. The Court also finds that resolving this motion as to the Monell phase requires an opposition from plaintiff.

### Motion in Limine No. 12, dkt. #214

Defendant seeks to admit evidence of all felony convictions, from the last 10 years, of non-party witness Earl Nevils. The Court finds that an opposition brief should be filed by plaintiff before the Court rules on this motion.

### Motion in Limine No. 13, dkt. #215

Defendant seeks to exclude from the liability phase of the trial any evidence of plaintiff's current medical condition, future medical damages or prognosis, or evidence of any liver or kidney damage sustained by plaintiff. The Court finds that medical evidence may be admitted in the liability phase insofar as that evidence is probative of whether

---

[3] Defendant has not filed a Motion in Limine No. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:12-cv-06007-CAS(CWx) | Date | June 19, 2014 |
|---|---|---|---|
| Title | MARK GREEN V. COUNTY OF LOS ANGELES ET AL. | | |

defendant was in fact injured, but that any other medical evidence is irrelevant during the liability phase and will be excluded.

    IT IS SO ORDERED.

|  |  | 00 | : | 25 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |